**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CR-1925(1)-KC |
| | § | |
| (1) EMMANUEL GONZALEZ MIRANDA | § § | |

## ORDER

On this day, the Court considered Defendant's Motion to Dismiss Indictment ("Motion"), ECF No. 24. Defendant argues that the sole statute under which he has been indicted, 18 U.S.C. § 922(g)(5)(A), is facially unconstitutional. Mot. 1. Defendant relies largely on this Court's Order in a different case, in which the Court held § 922(g)(5)(A) to be facially unconstitutional. *Id.* at 3–4 (citing *United States v. Sing-Ledezma*, --- F. Supp. 3d ----, 2023 WL 8587869 (W.D. Tex. Dec. 11, 2023)).

The Government filed a Response, ECF No. 30, in opposition. For the most part, the Government advances the same arguments that the Court considered in *Sing-Ledezma*. *See* Resp. 3–12. For the reasons discussed at length in that decision, these arguments are unavailing under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and subsequent decisions from the Fifth Circuit. *Sing-Ledezma*, 2023 WL 8587869, at *18 ("'Engag[ing] carefully with the historical sources and the strictures of *Bruen*,' *Daniels*, and *Rahimi* leads inexorably to a finding that the Government has not met its burden of proving a historical tradition sufficiently analogous to justify disarming all unlawfully present aliens." (quoting *United States v. Daniels*, 77 F.4th 337, 355 n.44 (5th Cir. 2023))); *id.* ("By all indications, § 922(g)(5)(A) 'is an "outlier that our ancestors would never have accepted,"' rendering it facially unconstitutional." (quoting *United States v. Rahimi*, 61 F.4th 443, 461 (5th Cir. 2023))).

In addition to the arguments rejected in *Sing-Ledezma*, the Government broadly asserts that the Court's review of § 922(g)(5)(A) should be conducted with "significant deference" because it entails "matters relating to citizenship and immigration," which are "'committed to the political branches' of government." Resp. 13 (quoting *Mathews v. Diaz*, 426 U.S. 67, 81 (1976)). But even the cases on which the Government relies provide for "narrow judicial review" to ensure that immigration laws comport with the United States Constitution. *See, e.g.*, *Hampton v. Mow Sun Wong*, 426 U.S. 88, 101 n.21, 116–17 (1976) (striking down Civil Service Commission regulation barring resident aliens from certain employment as violative of due process). Thus, generalized principles of deference to the political branches on immigration matters do not provide a basis on which to forgo a determination of whether § 922(g)(5)(A) violates the Second Amendment.

Finally, the Government attaches documents from the law enforcement investigation that led to Defendant's arrest, which show that Defendant may have been involved in narcotics smuggling. *See generally* Search Warrant, ECF No. 30-1. While concerning, this evidence has no bearing on the constitutionality of § 922(g)(5)(A), which criminalizes gun possession on the basis of one's status as an unlawful alien, irrespective of their involvement in any other illicit activity. Certainly, there are laws that impose penalties for the possession of firearms by drug users, 18 U.S.C. § 922(g)(3), and the use of firearms in furtherance of drug trafficking crimes, 18 U.S.C. § 924(c)(1)(A). But Defendant is charged with nothing other than a violation of § 922(g)(5)(A). Indictment 1, ECF No. 11.

Accordingly, the Motion is **GRANTED**. The Court **ORDERS** that the offense charged in Count One of the Indictment is **DISMISSED**.

**SO ORDERED.**

**SIGNED this 17th day of February, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE